

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MARTIN and<br>EARLENE MARTIN,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION and WELLS FARGO<br>BANK, N.A.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:12-cv-2768-M-BF |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal National Mortgage Association ("FNMA") have filed a joint motion for summary judgment in this civil action brought by Plaintiffs arising out of the foreclosure of their home in DeSoto, Texas (the "Property"). Succinctly stated, Plaintiffs allege that Wells Fargo failed to prove it was the holder of their mortgage note at the time of foreclosure and thus lacked authority to initiate foreclosure proceedings and sell the Property to FNMA. *See* Plf. Orig. Pet. at 2-3.[1] Plaintiffs further allege that Wells Fargo filed documents with the Dallas County Clerk that falsely represented Defendants' rights with respect to the Property in order to effect the foreclosure. *See id.* at 5. Plaintiffs seek a declaratory judgment that Wells Fargo lacked any interest in their mortgage note or deed of trust and had no right to foreclose and sell the Property to FNMA. *Id.* at 3-4. Plaintiffs also seek to quiet title to the

---

[1] Plaintiffs' operative pleading is their original petition filed in Texas state court. Defendants timely removed the case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1441(a) & 1332(a)(1).

1

Property in their favor and damages for slander of title and violations of Chapter 12 of the Texas Civil Practice & Remedies Code. *Id.* at 4-6. Defendants move for summary judgment as to all claims and causes of action. The motion has been briefed by the parties and is ripe for determination.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

As an initial matter, Plaintiffs contend that Defendants' summary judgment motion is premature, and they seek a continuance under Federal Rule of Civil Procedure 56(d) to allow time to conduct discovery. Plf. MSJ Resp. at 3-6. "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *Bassknight v. Deutsche Bank Nat. Trust Co.*, No. 3:12-CV-1412-M-BF, 2013 WL 1245563, at *1 (N.D. Tex. Mar. 4, 2013), *rec. adopted*, 2013 WL 1249580 (N.D. Tex. Mar. 26, 2013). It is frequently invoked when a party claims that it has had insufficient time for discovery. *See, e.g., Bramlett v. Med. Prot. Co. of Fort*

*Wayne, Ind.*, No. 3:10-CV-2048-D, 2012 WL 3887059, at *3 (N.D. Tex. Sep. 7, 2012). To warrant a continuance for purposes of obtaining discovery, Plaintiffs must demonstrate why they need additional discovery and *how* the additional discovery will create a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996); *see also* FED. R. CIV. P. 56(d) (relief appropriate only if the "[summary judgment] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). It is not sufficient for Plaintiffs to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284-85 (5th Cir. 1985). Here, Plaintiffs contend that they need additional time to investigate "if and how Defendant Wells Fargo allegedly acquired Plaintiffs' Note," and whether the signature on the indorsement of the note was authentic and authorized in fact. Plf. MSJ Resp. at 4; *see also* Plf. MSJ Resp. App. at 32-33. Defendants respond that, regardless of whether Wells Fargo ever acquired the note, they are entitled to summary judgment because Wells Fargo was entitled to foreclose on the Property in its capacity as Plaintiff's mortgage servicer. Plaintiffs do not argue that additional discovery is necessary for them to respond to Defendants' arguments regarding Wells Fargo's authority as the mortgage servicer. Accordingly, Plaintiffs' objection that summary judgment is premature is overruled, and Plaintiffs' motion for a Rule 56(d) continuance is denied.

Plaintiffs also object to paragraph 5 of Michael Dolan's declaration, submitted in support of Defendants' summary judgment motion, on grounds that Dolan's statements are conclusory, lack foundation, and constitute expert legal analysis from an unqualified witness. Plf. MSJ Resp. at 1. However, the Court does not rely on paragraph 5 of Dolan's declaration in deciding Defendants' motion for summary judgment. Accordingly, Plaintiffs' objection is overruled as moot. *See*

*Continental Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2006 WL 984690, at *1 n. 6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that is not considered by the court in deciding motion for summary judgment).

The gravamen of Plaintiffs' lawsuit is that Defendants failed to establish that they had authority to enforce the mortgage note, initiate foreclosure proceedings, and sell the Property to FNMA. *See* Plf. Orig. Pet. at 3-4. More specifically, Plaintiffs contend that, in response to several pre-foreclosure requests for information concerning their mortgage note, Defendants produced a copy of the note bearing two indorsements. Plf. MSJ Resp. App. at 5. The first indorsement stated "WITHOUT RECOURSE, PAY TO THE ORDER OF GUARANTY BANK, F.S.B., [by] Shelter Mortgage Company, LLC." *Id.* The second indorsement stated "PAY TO THE ORDER OF _____ WITHOUT RECOURSE, [by] GUARANTY BANK, F.S.B." *Id.* Both indorsements had a signature line for Vice-President Arleen J. Lemmon, but neither indorsement was actually signed. *Id.* Thus, Plaintiffs contend that the note was never negotiated to Guaranty Bank, the indorsement in blank was invalid, and the note was never transferred to Wells Fargo. Plf. Orig. Pet. at 3. Plaintiffs further contend that, because it was not the holder of the note, Wells Fargo lacked any authority to initiate foreclosure proceedings. According to Plaintiffs, "Wells Fargo could only invoke the power of sale if it was the holder of the Note who was entitled to receive payments under the Note," and "Defendants are not entitled to summary judgment on the basis that Defendant Wells Fargo could foreclose in its role as servicer, separate and distinct from its role as holder of the Note." Plf. MSJ Resp. at 9-10.[2]

---

[2] Plaintiffs do not dispute that Wells Fargo was the servicer for their mortgage note.

Plaintiffs' arguments are without merit. As the Fifth Circuit recently explained:

> Texas differentiates between enforcement of a note and foreclosure – the latter enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision. Where a deed of trust confers such a power, a trustee may sell a debtor's property. Texas courts have refused to conflate foreclosure with enforcement of a promissory note. Where a debt is secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations. All that matters, therefore, is that the mortgage be properly assigned.

*Martins v. BAC Home Loans Serv., L.P.*, --- F.3d ----, 2013 WL 3213633, at *2 (5th Cir. Jun. 26, 2013) (affirming dismissal of claims based on theory that only the holder of the note has lawful power to initiate a non-judicial foreclosure). Further, Texas law allows a mortgage servicer to administer foreclosure proceedings on behalf of a mortgagee if certain conditions are met. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2007). None of those conditions require the mortgage servicer to be the holder of the note or to produce the original loan documents. *See Voth v. Fed. Nat. Mortg. Ass'n*, No. 3:10-CV-2116-G-BD, 2011 WL 1897759, at *2 (N.D. Tex. Apr. 22, 2011), *rec. adopted*, 2011 WL 1897271 (N.D. Tex. May 18, 2011); *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr.13, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010).

The uncontroverted summary judgment evidence in this case shows that Plaintiffs executed a $195,891 note in favor of Shelter Mortgage Company, LLC ("Shelter") on or about September 5, 2008. *See* Def. MSJ App. at 4-6. The note was secured by a deed of trust covering Plaintiffs' interest in the Property. *Id.* at 7-25. The deed of trust named Mortgage Electronic Registration System ("MERS") as the beneficiary and nominee for Shelter and provided that MERS

had the right to foreclose and sell the Property if Plaintiffs defaulted on the note. *Id.* at 8, 10. Plaintiffs defaulted on the note when they stopped making full payments in April 2011. *Id.* at 2-3, ¶¶ 6 & 9. Wells Fargo serviced Plaintiffs' loan and notified Plaintiffs of their default in May 2011. *Id.* at 3, ¶7 & 26-29; *see also id.* at 64, ¶ 3. MERS assigned its interest in the deed of trust, including "the full benefit of all the powers and of all the covenants and provisions therein contained," to Wells Fargo on October 11, 2011. *Id.* at 30. The assignment was duly recorded in the Dallas County, Texas real property records on October 14, 2011. *Id.* Wells Fargo thus had authority, as the servicer of Plaintiffs' mortgage and the assignee of the powers under the deed of trust, to initiate foreclosure proceedings and sell the Property to FNMA on January 3, 2012.

Any inconsistencies between copies of the note provided to Plaintiffs prior to foreclosure and after this litigation commenced are inapposite and do not raise a genuine fact issue with respect to Wells Fargo's authority to foreclose. *Casterline v. OneWest Bank, F.S.B.*, --- Fed.Appx. ----, 2013 WL 3199059, at *2 (5th Cir. Jun. 25, 2013) (rejecting argument that purported inconsistencies between notes submitted in a foreclosure proceeding and in federal court preclude summary judgment on authority of transferee under deed of trust to conduct foreclosure). Defendants thus are entitled to summary judgment on all of Plaintiffs' claims that are based on the erroneous legal assumption that Wells Fargo lacked authority to foreclose on the Property, including Plaintiffs' claims for declaratory judgment and quiet title. *See, e.g. Cruz v. OneWest Bank, FSB*, No. 3:11-CV-1985-M, 2012 WL 1684622, at *2 (N.D. Tex. May 15, 2012) (FNMA and mortgage servicer entitled to summary judgment, *inter alia*, on plaintiff's claims to quiet title where claims were based on flawed theory that servicer lacked authority to foreclose and FNMA could not lawfully acquire property because the note and deed of trust were not properly indorsed, transferred,

and assigned); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *3 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) (dismissing claims for trespass to try title and to quiet title where sole basis for claims was that mortgage servicer was not the holder of the note and, therefore, lacked authority to foreclosure on property). To the extent Plaintiffs also sue for slander of title and violations of Chapter 12 of the Texas Civil Practice & Remedies Code, they have abandoned these claims by failing to address them in their summary judgment response. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (claim deemed abandoned when party failed to pursue it beyond initial pleading).

Finally, Defendants assert they are entitled to recover their attorneys' fees pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code, as well as pursuant to the terms of the note and deed of trust. *See* Def. MSJ Br. at 14. Defendants filed the affidavit of Richard A. Illmer seeking $4,812.50. Without deciding whether fees are otherwise appropriate under Section 37.009, the Court finds that the affidavit submitted by Defendants does not adequately support their request for $4,812.50 in fees. Accordingly, Defendants' request for attorneys' fees should be denied.

## RECOMMENDATION

For the reasons stated, Defendants' motion for summary judgment [Doc. #7] should be GRANTED with respect to all of Plaintiffs' claims and causes of action, and this case should be DISMISSED with prejudice. Defendants' request for attorneys' fees should be DENIED.

SO RECOMMENDED, July 29, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).